place, and failing to conduct proper inspections.

Further, Rodes' comparison of his sentence to those imposed on Johnston, Wilson, and Rowe is inapposite. They were not similarly situated to Rodes, and therefore are "not appropriate points for comparison in a reasonableness analysis." *Cooks,* 589 F.3d at 186. Wilson and Johnston received sentences at the bottom of the range because the government asserted that they provided assistance in the investigation, and even filed a § 5K1.1 motion on behalf of Wilson. There is no indication that the government similarly asserted that Rodes provided assistance or that the court had reason to believe that he had been cooperative. Rodes also fails to provide support for his allegation that he and Rowe were engaged in similar criminal conduct. The record does not indicate why Rowe received probation, though it does indicate that Johnston and Rodes were the two persons involved in the bid rigging scheme. These differences between the defendants undermine Rodes's claim of unwarranted disparity. *See id.* (concluding that the disparity between co-defendants' sentences was not unreasonable because they were not similarly situated).

Rodes argues that there are additional factors that should have influenced the district court to impose a lower sentence. First, he claims that he will not be able to receive necessary medical treatment in prison, but does not provide support for this allegation. Second, he claims that certain factors suggest that he will be unlikely to commit future crimes, but did not show that the district court failed to take these factors into account; on appeal, he merely repeats the circumstances that he presented to the district court. Both are insufficient to support a conclusion that the sentence was substantially unreason-

able. Rodes did not allege that the district court gave significant weight to an irrelevant or improper factor. Finally, he did not show that the district court clearly erred in its balancing of the sentencing factors. In short, he has not made the required showing to rebut the presumption that his sentence is reasonable. *See id.* Rodes simply asks this court to substitute his assessment of the evidence and § 3553(a) factors for that of the district court, which this court may not do. *See Gall,* 552 U.S. at 51–52, 128 S.Ct. 586.

## CONCLUSION

For the foregoing reasons, we AFFIRM appellants' sentences.

**Muttasim ELHASSAN, Plaintiff–Appellant**

v.

**CITY OF SHREVEPORT; C.S. Heard, individually and in his official capacity as a police officer for the City of Shreveport, Defendants–Appellees.**

No. 10–30547.

United States Court of Appeals, Fifth Circuit.

Dec. 14, 2011.

Nelson Welch Cameron, Shreveport, LA, for Plaintiff-Appellant.

Jennifer P. McKay, Esq., Ansel Martin Stroud, III, Esq., Barham, Warner, Stroud & McKay, Shreveport, LA, for Defendants–Appellees.

Before BARKSDALE, GARZA, and ELROD, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.

**Hardin Izell COOPER, Plaintiff–Appellant**

v.

**FEDERAL BUREAU OF PRISONS, et al., Defendants–Appellees.**

No. 10–31172.

United States Court of Appeals, Fifth Circuit.

Dec. 14, 2011.

Philip Jeremy Kaplan, Esq., Los Angeles, CA, for Plaintiff–Appellant.

John A. Broadwell, Assistant U.S. Attorney, U.S. Attorney's Office, Shreveport, LA, for Defendants–Appellees.

Before HIGGINBOTHAM, DAVIS, and STEWART, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Hardin Izell Cooper appeals the district court's grant of sum-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be